**Nicolae ARNAUT, Petitioner,**

v.

**IMMIGRATION AND NATURAL-IZATION SERVICE, et al.,
Respondent.**

**No. 05–3368.**

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Nicolae Arnaut, Batavia, NY, for Petitioner, pro se.

* The Honorable Timothy Stanceu, of the United States Court of International Trade, sitting by

Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York (Monica J. Richards, Assistant United States Attorney), Buffalo, NY, for Respondent, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, and Hon. TIMOTHY STANCEU,* Judge.

## SUMMARY ORDER

Petitioner Arnaut filed a petition under 28 U.S.C. § 2241 in the district court seeking review of the BIA's decision affirming the removal order of the immigration judge ("IJ"). Pursuant to the REAL ID Act (Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005), Pub.L. No. 109–13, 119 Stat. 231, Div. B (May 11, 2005), § 106(c), the section 2241 petition was transferred to this Court as a petition for review. Arnaut argues (1) that the crimes of which he was convicted are not aggravated felonies for the purpose of 8 U.S.C. § 1227(a)(2)(A)(III), and (2) that the state court conviction itself was invalid because he was not effectively represented by counsel. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues raised by this petition.

Under 8 U.S.C. § 1252(d)(1), aliens challenging final orders of removal must first exhaust all of their administrative remedies before turning to this Court. A party must "pursue all possible relief within the deciding agency before seeking federal judicial review of an unfavorable administrative decision." *Theodoropoulos v. INS,* 313 F.3d 732, 736 (2d Cir.2002).

designation.

Arnaut did not argue before the BIA that his state court conviction did not constitute an aggravated felony. Nor did he argue there that his state court conviction was invalid as a result of ineffective assistance of counsel. Instead, he argued only that his conviction was not final at the time he was ordered removed and that he should have been afforded an attorney during the hearing before the IJ. Thus, because Arnaut failed to exhaust his administrative remedies with respect to either of his present claims, this Court does not have jurisdiction to review them.

For the foregoing reasons, the petition for review is hereby DISMISSED.